82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard ROSENTHAL, on behalf of himself and all others
similarly situated, Plaintiff-Appellant,
v.
DEAN WITTER REYNOLDS, INC., Castle Pines Land Company, Frank
B. Walker, Jack A. Vickers, III, Helen Mcmaster
Coulson, William B. Graham, and Larry
Reichert, Defendants-Appellees.
 No. 93-1425.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1996.
 
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P.
 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 This securities fraud case has a long and complex procedural history. For purposes of this appeal, it is enough to say that in its present incarnation, plaintiff Howard Rosenthal[2] claims that he purchased bonds that defendants fraudulently marketed in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and of Securities and Exchange Commission Rule 10b-5, 17 C.F.R. 240.10b-5. A Colorado state court dismissed similar claims plaintiff asserted against defendants under the Colorado Securities Act for failing to state claims on which relief could be granted. Because of the similarities between the state and federal statutes, the district court concluded that the state court's ruling should be given collateral estoppel effect precluding litigation of the section 10(b) claim and dismissed the case. In doing so, the court rejected plaintiff's argument that the standards for showing reliance were different under Colorado and federal law. Expanding the state trial court's analysis on the issue of reliance somewhat, the Colorado Court of Appeals affirmed the dismissal of plaintiff's state law claims. Rosenthal v. Dean Witter Reynolds, Inc., 883 P.2d 522, 525-29 (Colo.Ct.App.1994). When the Colorado Supreme Court granted certiorari, we abated this appeal.
 The Colorado Supreme Court has now issued its opinion reversing the court of appeals on the reliance issue. Rosenthal v. Dean Witter Reynolds, Inc., 908 P.2d 1095 (Colo.1995). The court held that plaintiff's complaint sufficiently stated a claim under the Colorado Securities Act, and ordered the case remanded to the state trial court for further proceedings. Id. at 1102, 1106. As defendants now concede, there is no longer a state court judgment on which the doctrine of collateral estoppel can be applied. We therefore must reverse the district court's judgment and remand for further proceedings.
 We note that one of the factors complicating the procedural history of this case was what was the applicable statute of limitations period. The district court earlier dismissed this case (for the second time) on the basis that the statute passed to extend the limitations period for cases such as this one, 15 U.S.C. 78aa-1, was unconstitutional. We reversed that decision. Rosenthal v. Dean Witter Reynolds, Inc., No. 92-1215 (10th Cir. Dec. 17, 1992)(Order and Judgment), cert. denied, 113 S.Ct. 2339 (1993). However, the Supreme Court recently held that at least part of Section 78aa-1 was unconstitutional. Plaut v. Spendthrift Farms, Inc., 115 S.Ct. 1447 (1995). The district court should address Plaut 's effect on this case, if any.
 REVERSED and REMANDED.
 
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff filed this case as a class action and seeks to represent himself and other similarly situated bond purchases. Because the case never reached the class certification stage, Rosenthal is the only plaintiff